**ELECTRIC POWER PLANTS CORPORATION**

v.

**UNITED STATES.**

No. 537-57.

United States Court of Claims.

June 3, 1959.

Samuel Laderman, Cleveland, Ohio, for plaintiff.

George L. Ware, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

LITTLETON, Judge (Retired).

This is an action for damages for alleged breach by the United States of plaintiff's contract with the Department of the Air Force for the repairing, reworking and rehabilitation of generators. Defendant has filed a motion for summary judgment dismissing the petition on the ground that, as a matter of law, plaintiff's petition fails to state a cause of action.

The petition alleges that in April 1953, plaintiff visited one of defendant's depots at Macon, Georgia, for the purpose of submitting a bid for a contract to repair, rework and rehabilitate generators belonging to the defendant; that on the basis of those generators examined by plaintiff and relying on the representations of defendant's agents that the remaining generators to be repaired were in similar condition, plaintiff submitted a fixed-price bid. The contract in suit was awarded to plaintiff on April 6, 1953. The generators were shipped to plaintiff's plant at Cadiz, Ohio, and after unpacking them plaintiff found that the generators sent would require more repair work than plaintiff had anticipated from its inspection and from its understanding of the representations of defendant's agents at the time of inspection. Plaintiff notified defendant of its discovery and at a subsequent meeting of the parties, it was agreed that the contract would be changed from a fixed-price contract to a time and material contract. The plaintiff advised the representatives of the defendant that its combined labor and overhead costs of repairing the generators would be $6.07 per hour. Defendant's representatives felt this price was too high. There was present at this meeting a representative of the Reconstruction Finance Corporation, which corporation held instruments evidencing an indebtedness of the plaintiff to RFC, and he stated that unless plaintiff accepted the rate proposed by the representative of the Department of the Air Force, i. e., $5 per hour, RFC would foreclose plaintiff's note. Plaintiff alleged in its petition that as a consequence

of the statement of the RFC representative, it acquiesced in the $5 rate and thereby sustained a loss of $1.07 for every hour expended on repairing the generators. Plaintiff further alleges that in response to defendant's request at the above meeting, it submitted an estimate of the number of hours it would require to complete the work and that such estimate was embodied in the new agreement. Plaintiff alleged that because of difficulty in obtaining the necessary parts, reworking of existing parts was required and the job took about twice as long as estimated.

On the basis of the above facts plaintiff seeks judgment in the amount of $36,759.92, apparently upon two theories: (1) duress exercised by the RFC official causing plaintiff to agree to the amended contract in an amount less than it knew the work would cost, and (2) on the ground that defendant has been unjustly enriched at plaintiff's expense.

■ Defendant contends first that on the basis of the facts alleged, no claim of duress has been stated against the Department of the Air Force. We agree with this contention. The threat to foreclose plaintiff's mortgage was made by a representative of RFC which agency was not a party to the contract. Furthermore, we do not think that the statement by that official that it would foreclose plaintiff's mortgage amounted to duress since the foreclosure of the mortgage upon plaintiff's default was something RFC had a legal right to do. Beatty v. United States, Ct.Cl.1958, 168 F.Supp. 204, and cases cited therein on page 206.

■ With respect to plaintiff's other theory of recovery, i. e., unjust enrichment, defendant urges that it cannot be held liable on the theory of quantum meruit or unjust enrichment where there is a valid contract between the parties. From all that appears in the petition, the contract was a perfectly valid one. Plaintiff made an inspection, prepared its own estimate, negotiated a change in price when it discovered that estimate was too low, and, because it experienced difficulty in securing parts, lost money on the contract. Nothing in the facts alleged indicates that defendant knew that the plaintiff had made a mistake in its bid or in its estimate. If a mistake was made, it was solely on the part of the plaintiff.

Plaintiff has failed to state a cause of action on which relief may be granted and defendant is entitled to summary judgment dismissing the petition. Defendant's motion will be granted and the petition dismissed.

It is so ordered.